# USDC SCAN INDEX SHEET










```
JPP    7/10/03    16:20
3:03-CV-01349   USA V. CITY OF SAN DIEGO
*1*
*CMP.*
```

```
1  THOMAS L. SANSONETTI
     Assistant Attorney General
2    Environment and Natural
       Resources Division
3  United States Department of Justice
   Washington, D.C.  20530
4  DAVID B. GLAZER
     Environmental Enforcement Section
5    Environment and Natural
       Resources Division
6  United States Department of Justice
   301 Howard Street, Suite 1050
7  San Francisco, California  94105
   Telephone:  (415) 744-6491
8  Facsimile:  (415) 744-6476
```

FILED
'03 JUL 9 AM 8 01

Attorneys for Plaintiff United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) NO. '03 CV 01349 K POR |
| Plaintiff, | ) |
| v. | ) COMPLAINT FOR CIVIL PENALTIES |
| | ) AND INJUNCTIVE RELIEF |
| CITY OF SAN DIEGO, | ) |
| Defendant. | ) |

Plaintiff United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), by the Attorney General of the United States and through the undersigned counsel, hereby alleges as follows:

## JURISDICTION

1. The United States brings this complaint for civil penalties and injunctive relief, pursuant to Section 309(b) and (d) of the Clean Water Act ("CWA" or "Act"), 33 U.S.C. §§ 1319(b), (d). This Court has jurisdiction over the parties to, and the subject matter of, this action pursuant to 28 U.S.C.

§§ 1331, 1345, & 1355(a), and 33 U.S.C. § 1319(b).

2. Venue is proper in this judicial district, pursuant to 28 U.S.C. §§ 1391(b), (c) & 1395(a), and 33 U.S.C. § 1319(b), because the transactions and events giving rise to this action occurred in this district and the Defendant is located here.

3. The undersigned attorneys are authorized to bring this action, pursuant to CWA Section 506, 33 U.S.C. § 1366, and 28 U.S.C. §§ 515, 516, & 519.

PARTIES

4. Plaintiff is the United States of America, acting on behalf of EPA.

5. Defendant is the City of San Diego ("Defendant" or "City"). The City is a "municipality," as defined by CWA Section 502(4), 33 U.S.C. § 1362(4), and is regulated as a "person" under the Act, as defined by CWA Section 502(5), 33 U.S.C. § 1362(5).

RELATED CASE

6. This action is related, within the meaning of CivLR 40.1(f), to San Diego BayKeeper and Surfrider Foundation v. City of San Diego, No. 01cv0550-B (POR), which is also an action against the City for the City's violations of the CWA, as described below.

STATUTORY BACKGROUND

7. CWA Section 301, 33 U.S.C. § 1311, prohibits discharges of pollutants except in accordance with that Section and, inter alia, CWA Section 402, 33 U.S.C. § 1342.

8. CWA Section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" broadly to cover a wide range of materials and

specifically includes "solid waste," "sewage," and "garbage."

9. CWA Section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to mean, <u>inter alia</u>, the addition of any pollutant to "navigable waters."

10. CWA Section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" to mean "the waters of the United States, including the territorial seas."

11. CWA Section 502(14), 33 U.S.C. § 1362(14), defines "point source" to mean, <u>inter alia</u>, "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, [or] discrete fissure . . . from which pollutants are or may be discharged."

12. CWA Section 402, 33 U.S.C. § 1342, establishes the National Pollutant Discharge Elimination System ("NPDES") program, under which authorized states, with EPA approval, may issue permits governing the discharge of pollutants from regulated sources. The State of California ("State"), through its several Regional Water Quality Control Boards ("RWQCBs"), has in place an EPA-approved NPDES program.

13. The CWA regulations at 40 C.F.R. § 403.3 define a "publicly-owned treatment works" ("POTW") as a treatment works owned by a State or municipality, including any facilities that store, treat, recycle, or reclaim municipal sewage or liquid industrial wastes. It also includes sewers, pipes, and other conveyances if used to convey waste water to a POTW treatment plant.

14. The CWA regulates POTWs under, <u>inter alia</u>, the regulations at 40 C.F.R. Part 122, which implement the NPDES

permit program.

15. Pursuant to CWA Section 309(a)(3), 33 U.S.C. § 1319(a)(3), whenever any person is found to be in violation of, inter alia, CWA Section 301, 33 U.S.C. § 1311, or any condition or limitation contained in a permit issued under CWA Section 402, 33 U.S.C. § 1342, EPA may issue an administrative order requiring compliance, or EPA may authorize suit in federal district court, pursuant to CWA Section 309(b).

16. Pursuant to CWA Section 309(b), EPA may bring suit for appropriate relief, including a temporary or permanent injunction, for any violation for which the Agency could issue an administrative order pursuant to Section 309(a). Such injunctive relief may include an order restraining the violator from further violations or compelling the violator to comply with the Act.

17. Pursuant to CWA Section 309(d), as adjusted by the Debt Collection Improvement Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), and 40 C.F.R. §§ 19.2 & 19.4 (Table), a person violating, inter alia, CWA Section 301, 33 U.S.C. § 1311, or a condition or limitation contained in a permit issued under CWA Section 402, 33 U.S.C. § 1342, shall be subject to civil penalties of up to $27,500 per day for each violation.

18. CWA Section 309(g)(6)(A)(iii), 33 U.S.C. § 1319(g)(6)(A)(iii), provides that a violation "for which . . . [a] State has issued a final order not subject to further judicial review and the violator has paid a penalty assessed under . . . comparable State law, . . . shall not be the subject of a civil penalty action under [CWA § 309(d)] . . . ."

- 4 -

## NOTICE TO THE STATE OF CALIFORNIA

19. In accordance with CWA Section 309(b), notice of the commencement of this action has been given to the State.

20. The United States understands that, in accordance with CWA Section 309(e), 33 U.S.C. § 1319(e), the State of California, on behalf of the San Diego RWQCB, intends to file its own complaint to be joined with this action.

## GENERAL ALLEGATIONS

21. The City owns and operates several POTWs that are regulated under the CWA. Those POTWs collect, treat, and dispose of sanitary sewage in the metropolitan San Diego area, serving a population of two million people.

22. The City's POTWs include the Point Loma Wastewater Treatment Plant and ocean outfall, the North City Reclamation Plant, and the South Bay Reclamation Plant, together with approximately 3,000 miles of collection system lines and 82 pump stations (collectively, the "POTW system").

23. The City currently uses the Point Loma ocean outfall to discharge all treated waste from its POTW system, an average of 180 million gallons per day of sewage treated to the advanced primary level, which is then discharged to the Pacific Ocean.

24. The Point Loma plant operates under a modified NPDES permit issued, on November 9, 1995, jointly by EPA Region 9 and the San Diego RWQCB, pursuant to CWA Section 301(h), 33 U.S.C. § 1311(h) (the "1995 permit").

25. The 1995 permit contains the following conditions governing discharges from the City's POTW system: (1) A.11

- 5 -

prohibits the discharge of waste causing flow, ponding, or surfacing on lands not owned or controlled by the City; (2) A.12 prohibits dumping, deposition, or discharge of waste into waters of the State or adjacent to such waters, such that it may be transported to State waters; (3) A.13 prohibits the discharge of waste into storm drains; (4) A.14 prohibits the discharge of treated or untreated sewage to waters of the State or to a storm drain; and (5) A.23 prohibits the discharge of waste in any location not authorized by the permit.

26. Standard Provision 1.d. of the 1995 permit requires that "[t]he permittee shall at all times properly operate and maintain all facilities and systems of treatment and control (and related appurtenances) which are installed or used by the permittee to achieve compliance with the conditions of this permit."

27. The City has had a history of sewage spills from its POTW collection and conveyance system. On June 9, 1997, the Court entered a Stipulated Final Order for Injunctive Relief in United States v. The City of San Diego, No. 88cv1101-B, pursuant to which the City undertook to implement certain measures designed to address spills from its POTW system. The Stipulated Final Order required, in part, that the City replace or rehabilitate 60 miles (out of approximately 200 miles) of its concrete sewer mains. The Stipulated Final Order also required the City to prepare a sewer pump station and force main audit; expand the residential grease program; upgrade its information management system, including a trunk sewer study and model development; and fund $300,000 per year for chemical root-

inhibitor.

28. Despite entry of the Stipulated Final Order and work performed under that Order, since 1997 over 1,500 spills have occurred from the City's POTW system, resulting in the illegal discharge of over 42 million gallons of raw sewage.

29. Untreated sewage contains organic matter, bacteria and other potential pathogens, all of which are harmful to the environment, including marine life.  Similarly, the pathogens released from raw sewage create a potential public health risk if humans come into contact with the sewage.

30. The RWQCB has assessed civil penalties, pursuant to its authorities under the California Porter-Cologne Water Quality Control Act, for certain of the City's spills.

## FIRST CLAIM FOR RELIEF

31. Paragraphs 1 through 30, above, are incorporated herein by reference as if fully set forth below.

32. The 1995 permit prohibits spills of sewage from the City's POTW collection and conveyance system.

33. The spills from the City's POTW collection and conveyance system constitute unpermitted discharges of pollutants to waters of the United States or discharges that are likely to enter waters of the United States, or constitute violations of the terms of the 1995 permit, set forth in Paragraphs 25 and 26, above, including the requirement to properly operate and maintain the City's system.

34. Each of Defendant's spills constitutes a violation of CWA Sections 301 and 402, 33 U.S.C. §§ 1311, 1342.

35. Under CWA Section 309(d), 33 U.S.C. § 1319(d),

Defendant is liable for civil penalties of up to $27,500 per day for each day of each violation.

### SECOND CLAIM FOR RELIEF

36. Paragraphs 1 through 30, above, are incorporated herein by reference as if fully set forth below.

37. Defendant's spills from its POTW collection and conveyance system constitute ongoing violations of CWA Sections 301 and 402, 33 U.S.C. §§ 1311, 1342.

38. Under CWA Section 309(b), 33 U.S.C. § 1319(b), this Court may issue an order requiring Defendant to come into compliance with all terms of the 1995 permit governing the City's sewage collection and conveyance system and to otherwise come into compliance with the CWA and cease its unpermitted discharges of sewage.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America prays for a judgment of this Court:

1. Assessing civil penalties against Defendant, pursuant to CWA Section 309(d), 33 U.S.C. § 1319(d), of up to $27,500 per day for each day of each violation of the CWA, as alleged herein;

2. Enjoining Defendant, pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), to take all measures necessary to achieve compliance with all permit terms governing its POTW collection and conveyance system and to otherwise come into compliance with the CWA and cease its unpermitted discharges of sewage;

3. Awarding the United States its costs in this

```
 1 | action; and
 2 |          4.   Granting such further relief as may be
 3 | appropriate.
 4 |                              Respectfully submitted,
 5 |
 6 | Dated: July 3, 2003         _____
 7 |                              THOMAS L. SANSONETTI
                                  Assistant Attorney General
 8 |                              Environment and Natural resources
                                       Division
 9 |                              United States Department of Justice
                                  Washington, D.C   20530
10 |
11 | Dated: July 3, 2003         _____
                                  DAVID B. GLAZER
12 |                              Environmental Enforcement Section
                                  Environment and Natural Resources
13 |                                  Division
                                  United States Department of Justice
14 |                              301 Howard Street, Suite 1050
                                  San Francisco, California  94105
15 |                              Telephone:  (415) 744-6491
                                  Facsimile:  (415) 744-6476
16 |
17 |
18 | OF COUNSEL:
19 | Gail Cooper, Esq.
     Assistant Regional Counsel
20 | U.S. Environmental Protection Agency
          Region 9
21 | 75 Hawthorne Street
     San Francisco, California  94105
22 | Telephone:     (415) 972-3880
     Facsimile:     (415) 947-3570
23 |
24 |
25 |
26 |
27 |
28 |
```

- 9 -

## CERTIFICATE OF SERVICE

I, Kevin Mann, hereby certify and declare that:

1. I am over the age of 18 years and am not a party to this action.

2. I am employed by the U.S. Department of Justice and currently working at 301 Howard Street, Suite 1050, San Francisco, California 94105.

3. I am familiar with the office practices of the U.S. Department of Justice at the above location, including its mail processing practices.

4. I know that outgoing mail is deposited for collection with the United States Postal Service on the day of mailing and that overnight mail is collected from the above office location on the day of mailing.

5. Following the above-described practices, on July 8, 2003, I caused a true copy of the foregoing pleading to be served upon the persons listed on the attached service list in the manner indicated.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 8, 2003, in San Francisco, California.

_____
KEVIN MANN

SERVICE LIST

Rory Wicks, Esq.
LAW OFFICES OF RORY R. WICKS
625 Broadway, Suite 1400
San Diego, California  92101

Marco A. Gonzalez, Esq.
Law Offices of Marco A. Gonzalez
2924 Emerson Street, Suite 220
San Diego, California 92106

Daniel Cooper, Esq.
LAWYERS FOR CLEAN WATER
The Presidio, Bldg. 1004
P.O. Box 29921
San Francisco, California 94129

Ted Bromfield, Esq.
Senior Deputy City Attorney
City of San Diego
1200 Third Avenue, Suite 1100
San Diego, California  92101

James J. Dragna, Esq.
Bingham McCutchen
355 South Grand Avenue, Suite 4400
Los Angeles, California  90071-3106

John Richards, Esq.
Office of Chief Counsel (OCC)
State and Regional Board Services
P.O. Box 100
Sacramento, California  95812-0100

**ORIGINAL**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS<br><br>UNITED STATES OF AMERICA | DEFENDANTS       -9  A:10: 01<br><br>CITY OF SAN DIEGO, CALIFORNIA |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED _____<br>PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br><br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>David B. Glazer, 415-744-6491<br>U.S. Department of Justice<br>301 Howard Street, Ste. 1050<br>San Francisco, CA  94105 | ATTORNEYS (IF KNOWN)<br>James J. Dragna, Bingham McCutchen<br>355 South Grand Avenue, Suite 4400<br>Los Angeles, CA  90071-1560<br>(213) 680-6400 |

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX<br>(For Diversity Cases Only)  FOR PLAINTIFF AND ONE BOX FOR DEFENDANT |||||
|---|---|---|---|---|---|
| | | PT | DEF | | PT | DEF |
| ☒ U.S. Government Plaintiff | ☐ 3 Federal Question<br>(U.S. Government Not a Party) | Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| | | Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY). Action for civil penalties and injunctive relief under Section 309 of the Clean Water Act, 33 U.S.C. §n1319

'03 CV 01349 K  POR    33:1319cw

| V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY) |||||
|---|---|---|---|---|
| CONTRACT | TORTS || FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
| | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $<br>N/A | Check YES only if demanded in complaint:<br>JURY DEMAND: ☐ YES ☒ NO |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE Rudi Brewster | | Docket Number 01-CV0550-B(POR) |
| DATE July 9, 2003 | | SIGNATURE OF ATTORNEY OF RECORD | |

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)